Ivie CLAY, Plaintiff,

v.

Saul FRIEDMAN, et al., Defendants.

No. 81 C 1860.

United States District Court,
N. D. Illinois, E. D.

June 11, 1982.

**502**

John Elson, Northwestern University Legal Clinic, Chicago, Ill., for plaintiff.

Joan S. Cherry, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ivie Clay ("Clay") has sued several public defenders, their supervisors, the Cook County Office of the Public Defender, the Circuit Court of Cook County, the County of Cook and the Cook County Guardian Ad Litem under 42 U.S.C. § 1983 ("Section 1983") based on the allegedly incompetent representation provided Clay in a criminal proceeding. This Court's February 12, 1982 memorandum opinion and order ("Opinion I") and April 9, 1982 supplemental memorandum opinion and order ("Opinion II") dismissed Counts I–VI of the Second Amended Complaint (the "Complaint"). 537 F.Supp. 409.[1] All defendants have moved to dismiss the remaining counts. For the reasons stated in this memorandum opinion and order those motions are granted in part and denied in part.

### Count VII

■ Count VII alleges a cause of action against Cook County Public Defender James Doherty ("Doherty") for both individual and supervisory acts. In Complaint ¶ 50 Clay alleges that by virtue of his office Doherty is counsel for all defendants represented by a public defender and is therefore jointly liable for actions taken by Friedman and Harris. That paragraph fails to state a cause of action both because (1) it attempts to assess liability on a respondeat superior basis and (2) even if it were a proper basis for liability, *Polk County v. Dotson,* —— U.S. ——, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) would require dismissal.

Complaint ¶ 51 asserts a cause of action against Doherty—as Friedman's employer—directly under the Constitution under a respondeat superior theory. But what this Court stated in Opinion II at 3 applies with equal force here:

> But Clay's allegations are much like those in *Polk County.* This Court cannot ignore the clear mandate of that decision by sidestepping Section 1983 and sustaining a direct right of action under the Fourteenth Amendment.

Paragraph 51 is therefore stricken.

■ In Complaint ¶¶ 44–49 Clay alleges Doherty failed:

> (1) to discontinue Friedman's employment even though Friedman had demonstrated his incompetence several times before representing Clay;
>
> (2) to develop a system of monitoring the performance of assistant public defenders; and
>
> (3) to develop a system so that assistant public defenders had sufficient information to represent clients properly.

Although an official is a supervisor, he may be subject to Section 1983 liability if his own actions in some way *cause* a constitutional deprivation. *See, Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976). That test is met by the cited allegations.

■ Furthermore, unlike the actions discussed in *Polk County,* the asserted acts would be under color of state law. In his supervisory capacity as an employer the Public Defender does not play an adversary role. His obligation is to the government to assure only competent employees are kept on. Clay's allegations involve administrative not adversary activities, so that *Polk County's* reasoning does not apply.

■ Finally, Doherty is not entitled to absolute immunity for such supervisory acts. Immunity of public defenders is a reflection of prosecutorial immunity. *See, Robinson v. Bergstrom,* 579 F.2d 401 (7th Cir. 1978). Under *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 994–96, 47

1. Those opinions referred to the dismissal of Friedman and Harris, the public defenders who represented Clay, from this action. But both of them are also named in pendent state law claims, and the Opinions dismissed only the federal law allegations in Counts I–VI. Accordingly this opinion will deal with the remaining claims against them.

L.Ed.2d 128 (1976) such an official is absolutely immune only for advocacy-related activities. *Daniels v. Kieser*, 586 F.2d 64, 67 n.5 (7th Cir. 1978). Hiring, firing and monitoring attorneys is an administrative function. *D'Iorio v. County of Delaware*, 447 F.Supp. 229, 235 (E.D.Pa.1978), *vacated and remanded on other grounds*, 592 F.2d 681 (3d Cir. 1978). Doherty is therefore entitled only to a good faith immunity defense.

For the several reasons just stated Complaint ¶¶ 44–49 are permitted to stand.

### Count VIII

Ronald Katz ("Katz") is the assistant public defender in charge of Juvenile Court activities. Complaint Count VIII charges Katz in almost identical terms to Count VII's allegations against Doherty. For the reasons just discussed:

(1) Paragraph 59 is stricken.

(2) All the remaining allegations of Count VIII shall stand.

### Count IX

■ Count IX purports to assert a cause of action against the Office of the Public Defender. Under Fed.R.Civ.P. ("Rule") 17(b) the capacity of an entity to be sued must be determined by Illinois law. Ill.Rev. Stat. ch. 34, § 5601 provides:

> In each county of this state containing 35,000 or more inhabitants there is created the office of Public Defender and the person to be appointed to such office shall be known as the Public Defender.

Then Ill.Rev.Stat. ch. 34, § 5602 provides:

> ... the judges of the Circuit Court ... shall, by a majority vote of the entire number of such judges, appoint to the office of Public Defender a properly qualified person....

Those statutes simply create an office or position to be filled by one person. They do not create a governmental entity or agency having an existence separate from the person who fills it. In that respect the Public Defender is no different from the Mayor of the City of Chicago. Accordingly this Court finds the "Office of Public Defender" is not an entity suable under Rule 17(b).

### Count X

■ At a plea proceeding on September 28, 1977 the state court appointed a guardian ad litem to represent Clay's interests. Complaint Count X alleges the incompetent representation provided by the court-appointed guardian ad litem violated Clay's due process rights.[2]

Ill.Rev.Stat. ch. 37, § 704–5 requires or authorizes appointment of guardians ad litem to protect minors' interests under various circumstances. *Robin v. Robin*, 45 Ill. App.3d 365, 373, 3 Ill.Dec. 950, 956, 359 N.E.2d 809, 815 (1st Dist. 1977):

> A guardian ad litem is a person appointed by the Court to prosecute or defend on behalf of a minor in any suit in which the minor is a party.

Fees of the guardian ad litem are paid by the minor's parents unless they cannot afford to, in which case the county covers the cost. Section 704–5.

Under the reasoning of *Polk County* a guardian ad litem does not act under color of state law as required by Section 1983. In all critical respects, the role of the guardian ad litem is almost identical to that of a public defender. He or she is a fiduciary who must act in the minor's best interest. In a criminal proceeding the guardian ad litem is necessarily opposed to the State's position.

Only one factor discussed in *Polk County* is not paralleled by Count X. Public defenders are held to standards established by codes of professional responsibility, while no such analogous guidelines exist for guardians ad litem. But that was not the central focus of *Polk County*. It was only one piece of evidence demonstrating the *independence* of a public defender. Both the statute and the case law as to guardians ad litem demonstrate their duty of loyalty is to the minor, not the State. There is no meaning-

---

**2.** There is a dispute as to who was actually appointed as Clay's guardian ad litem. Given this Court's holding, that dispute is no longer relevant.

ful distinction between public defenders and guardians ad litem for Section 1983 purposes.

■ Complaint ¶¶ 71 and 72 also allege M. Lawrence Goodman is responsible for supervising all guardians ad litem and thus caused—in a supervisory role—the incompetent representation of Clay. Again the situation is indistinguishable from that of public defenders. If Goodman indeed had such responsibility, it would be an administrative function subject to only a good faith immunity. Because the Complaint adequately alleges a cause of action for administrative malfeasance, Complaint ¶¶ 71 and 72 shall stand while Paragraphs 68–70 are stricken.

### Count XI

■ Count XI attempts to state a cause of action against the Circuit Court for establishing a policy that led to Clay's injuries. Under Rule 17(b) this Court must again look to state law to determine if the Circuit Court is an entity capable of being sued.

Illinois Constitution Art. 6, § 7(a) provides:

> The State shall be divided into Judicial circuits consisting of one or more counties.

Ill.Rev.Stat. ch. 37, § 72.1 implements that provision:

> The County of Cook shall be one judicial circuit and the State of Illinois, exclusive of the County of Cook, shall be and is divided into judicial circuits as follows. . . .

Those as well as all the other provisions establishing the Illinois court system demonstrate the state was divided into various circuits for the administrative convenience of the judges who actually operate the courts. Thus the Circuit Court of Cook County is nothing more than a geographical division to determine which judges as a group will handle which cases. This Court finds the Circuit Court is not an entity that can be sued under Rule 17(b). Count XI is dismissed.[3]

### Count XII

■ Count XII alleges a cause of action for malpractice under Illinois law against Friedman, Harris, Doherty and Katz. Defendants have raised no substantive objection to that Count. Because some of Clay's federal allegations survive this opinion, Count XII is properly part of this case as to Doherty and Katz under this Court's pendent jurisdiction.

But permitting a pendent state law claim against Friedman and Katz poses a different problem. All federal law claims against them have been dismissed, and they could remain parties to this action solely on the basis of the pendent state claim.

Although some question exists whether such pendent *party* jurisdiction should be judged by all the same standards as pendent *claim* jurisdiction,[4] any reasoned exercise of discretion here requires dismissal of Friedman and Harris from this action. Maintenance of Clay's action against their supervisors Doherty and Katz will require proof of prior incompetent representation by Friedman and Harris. But such evidence is likely inadmissible in a malpractice action against Friedman and Harris under Fed.R.Evid. 404(b). And even if it *might* technically be relevant, Clay's jury demand and the potential of prejudice would probably cause its exclusion under Fed.R.Evid. 403. Thus a trial of the pendent claims against Friedman and Harris simultaneously with the federal and pendent claims against all other defendants would pose hazards that would far outweigh any resulting economies of scale.

---

3. Even were the Circuit Court an entity capable of being sued under Rule 17(b), it would in all likelihood be absolutely immune from suit under Section 1983 under the doctrine of judicial immunity.

4. See, *Hixon v. Sherwin-Williams Co.*, 671 F.2d 1005 (7th Cir. 1982); *United States ex rel. Hoover v. Franzen*, 669 F.2d 433 (7th Cir. 1982). Doherty, Katz and Goodman are involved on a pendent claim basis in Counts XII and XIV.

In short this Court finds that retaining Friedman and Harris in this action solely on a pendent state law claim would not serve the interests of "judicial economy, convenience and fairness to litigants...." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Count XII shall therefore remain only as to Doherty and Katz.

## Count XIII

Count XIII attempts to state a cause of action under Illinois law against the Office of the Public Defender of Cook County. For the reasons discussed as to Count IX, Count XIII is also dismissed.

## Count XIV

Count XIV asserts a cause of action under Illinois law against Goodman and unnamed members of the Office of the Guardian Ad Litem. Because Goodman remains before this Court on a federal law claim (Count X), this Court will permit Count XIV's additional pendent claims as to him.[5] But the Complaint's cryptic reference to "unnamed subordinates" (Paragraphs 84 and 85) appears to rest on an unspecified failure of unidentified staff members to protect Clay's interests (see Paragraph 70). Pendent party considerations make this Court reluctant to permit Clay to inject such persons into the litigation without more specifics to justify doing so. If and when Clay provides such particulars, the issue can be dealt with on an informed basis.

## Count XV

Count XV attempts to state a cause of action under Illinois law against the Circuit Court. Just as with Count XI, Count XV is dismissed.

## Count XVI

Complaint ¶¶ 91, 92 and 93 assert a claim against Friedman under the assumption he was appointed guardian ad litem for Clay.

As already stated, no Section 1983 cause of action exists against guardians ad litem. Accordingly those paragraphs are stricken.

■ Complaint ¶ 94 alleges Doherty, Katz, Goodman, the Circuit Court, the Public Defender and the County of Cook failed to take appropriate supervisory actions necessary to prevent the court-appointed guardian ad litem from providing incompetent representation for Clay. That paragraph is stricken because:

(1) Neither the Circuit Court nor the Public Defender is a suable entity.

(2) Count X already alleges a cause of action against Goodman for supervisory malfeasance.

(3) There is no allegation supporting the notion that Doherty or Katz had any supervisory powers over a guardian ad litem.

(4) There is no allegation as to what supervisory actions were not taken, so that the whole paragraph does not comply even with the notice pleading requirement of Rule 8.

Complaint ¶ 75 alleges that Friedman, Katz, Goodman, the Circuit Court, Public Defender and County of Cook are liable under Illinois law for Friedman's actions in his role as a guardian ad litem. Most of that paragraph must also be stricken for the same reasons just discussed. All that might survive is the pendent claim against Friedman, and that is stricken for the reasons expressed as to Count XII.

## Count XVII

■ Count XVII alleges a cause of action against Cook County for promulgating policies and customs that caused all the alleged harms to Clay. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 96 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under this Court's regularly-applied standard of pleading, Clay has adequately alleged a custom or policy of Cook County that could have caused Clay's in-

---

**5.** This Court expresses no opinion as to the viability of Count XIV should Goodman prevail on his summary judgment motion.

competent representation by both the Public Defenders and the guardians ad litem. *Villa v. Franzen*, 511 F.Supp. 231, 235 (N.D. Ill.1981); *Thompson v. Village of Evergreen Park*, 503 F.Supp. 251, 252 (N.D.Ill. 1980). Furthermore it is clear under *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) that Cook County is not entitled to immunity under Section 1983.[6] Accordingly Count XVII shall stand.

### Prayer For Relief

■ In her prayer for relief Clay asks punitive damages. That claim must be dismissed as to Cook County. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Defendants also attack the propriety of equitable relief. But the Complaint prays for no equitable relief as such. It does ask for a "declaratory judgment that the actions of defendants as alleged above are in violation of her Fourteenth Amendment rights to due process of rights and the common law of Illinois...." Because the parties have not addressed the issue whether declaratory relief is appropriate, that prayer for relief will stand.

### Conclusion

Opinions I and II effectively dismissed Counts I through VI. This opinion has riddled the remaining Counts so that the remaining defendants would have great difficulty propounding an answer to the surviving allegations. Accordingly the Complaint is stricken, with Clay given leave to file a Third Amended Complaint embodying her still-surviving claims on or before June 23. All remaining defendants shall answer within 14 days thereafter. This action is set for status report August 5, 1982 at 9:15 a. m.

■

---

**6.** In addition it is clear that Polk County contemplated a cause of action against governmental bodies for establishing policies or customs

that caused incompetent representation by a public defender. 102 S.Ct. at 454.