**Brenda DOE, in her own proper person and as next best friend of Michelle Doe, Plaintiffs,**

**v.**

**Booker BOBBITT and Gary T. Morgan, individually and as employees of the Illinois Department of Children and Family Services; Unknown Employees of the Department of Children and Family Services; Leo Wiggins and Leonard Goodman, individually and as employees of the Cook County Office of the Guardian Ad Litem; and the County of Cook, Defendants.**

**No. 85 C 7104.**

United States District Court, N.D. Illinois, E.D.

March 23, 1988.

John P. DeRose, Chicago, Ill., for plaintiffs.

Paula Giroux, Office of the Illinois Atty. Gen., Karen Dimond, Asst. State's Atty. of Cook County, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Brenda and Michelle Doe brought suit against Booker Bobbitt, Gary Morgan, Leo

Wiggins, Leonard Goodman, and the County of Cook pursuant to 42 U.S.C. § 1983 and Illinois common law. Bobbitt and Morgan are employees of the Illinois Department of Children and Family Services ("DCFS") and Wiggins and Goodman are employees of the Cook County Office of the Guardian Ad Litem.

On July 29, 1987, this court dismissed the § 1983 claim in Count I as to everyone but Morgan, and declined to dismiss Counts II–IV, which allege the state law claims, because defendants had not adequately briefed the issue. *See Doe v. Bobbitt*, 665 F.Supp. 691, 697 (N.D.Ill.1987). Defendants Wiggins, Goodman, and Cook County now have submitted those briefs. For the reasons stated below, their motion to dismiss the pendent claims is granted in part and denied in part.

## FACTS

The facts alleged in plaintiffs' first amended complaint have been stated by this court in sufficient detail, *see Doe v. Bobbitt, supra* at 693–94, and will not be repeated here.

## DISCUSSION

This court notes as a preliminary matter that it cannot adjudicate the state law claims against the defendants under the rubric of diversity jurisdiction. Diversity of citizenship is determined as of the date the complaint is filed, and plaintiffs' complaint alleged that all parties reside in Illinois. *See American National Bank & Trust Company of Chicago v. Bailey*, 750 F.2d 577, 582 (7th Cir.1984). Plaintiffs' first amended complaint contains the same allegations. Accordingly, this court cannot hear plaintiffs' state law claims unless it can assert pendent jurisdiction over them.

Defendants' first argument contains two prongs: (1) that the state law claims against Morgan are barred by the eleventh amendment; and (2) that a single federal claim against one defendant cannot support pendent jurisdiction over separate state law claims against other defendants. Since defendants' argument fails on the first prong, this court does not reach the second.

■ The eleventh amendment bars damages suits against state officials sued in their official capacities; it provides no protection when damages claims are brought against the same officials in their individual capacities. *Akins v. Board of Governors of State Colleges and Universities*, 840 F.2d 1371, 1375–76 (7th Cir.1988) (citations omitted); *see also, Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir.1987). Morgan is sued in his individual capacity, *Doe v. Bobbitt, supra* at 693, thus the state law claims against him will stand.

■ What plaintiffs seek is not merely pendent jurisdiction, but pendent party jurisdiction: defendants Bobbitt, Wiggins, Goodman, and Cook County are subject only to state law claims. In order to establish jurisdiction over pendent parties, it must be the case that (1) there is a federal claim of sufficient substance; (2) the federal and state claims are derived from a common nucleus of operative fact; and (3) the federal claim conferring subject matter jurisdiction does not implicitly negate a federal cause of action against the non-federal parties. *Zabkowicz v. The West Bend Company*, 789 F.2d 540, 546 (7th Cir.1986) (citing *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

A federal claim of sufficient substance is one that is more than frivolous or clearly meritless. *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858–59, 35 L.Ed.2d 36 (1973); 3A *Moore's Federal Practice* ¶ 18.07 [1.–3] at 18–37 (1987). As this court already has determined, *Doe v. Bobbitt, supra* at 695–97, Count I of plaintiffs' first amended complaint clearly meets this standard.

The next question is whether plaintiffs' claims derive from a common nucleus of operative fact. All this test requires is a "loose factual connection between the claims ... such that a plaintiff ordinarily would be expected to try them all in one judicial proceeding." 13B Wright, Miller & Cooper, *Federal Practice and Procedure*

§ 3567.1 at 117 (1984). Plaintiffs' allegations refer to a single harm—Michelle's placement in a home where she would be subject to abuse. While each defendant played a different role, if any, in causing that harm, their alleged acts overlapped in time and were dependent upon one another. *Compare Bernstein v. Lind Waldock & Co.,* 738 F.2d 179, 187–88 (7th Cir.1984) (sequential claims based on different facts). No more is required to meet the common nucleus test.

■ The final inquiry is whether § 1983 implicitly negates a federal cause of action against the non-federal defendants. Such implicit negation was found in *Aldinger v. Howard, supra,* a case decided at a time when counties were not subject to § 1983 suits.[1] The court reasoned that since counties were not suable pursuant to § 1983, it would be incongruous to allow plaintiffs to use that same statute as a basis for federal jurisdiction. *Id.* 427 U.S. at 16–17, 96 S.Ct. at 2421–22. The court did not say that pendent state claims against a defendant had to be dismissed any time the federal cause of action was insufficient; that would foreclose pendent party jurisdiction altogether. Instead, it authorized an inquiry into the relevant statutory language to determine whether the federal claim was barred against a particular defendant as a matter of law. *Id.* at 17, 96 S.Ct. at 2421–22. With these principles in mind, this court will examine § 1983 jurisprudence with respect to each of the defendants.

The County of Cook was dismissed from the federal claim because plaintiffs failed to allege a sufficient municipal policy or custom. *Doe v. Bobbitt, supra* at 694. It is clear, however, that counties are suable under § 1983 when the allegations against them are adequate. *Monell, supra* 436 U.S. at 690, 98 S.Ct. at 2035–36; *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir.1986). Therefore, there is nothing incongruous in asserting pendent jurisdiction over plaintiffs' state law claims against the County. *But see Szumny v. the Village of Addison,* No. 85–5149 slip op. (N.D.Ill. Oct. 9, 1985) [Available on WESTLAW, 1985 WL 3021] (available on LEXIS).

A different result obtains with regard to defendant Wiggins. Because of Wiggins' status as a guardian ad litem, plaintiffs could not sue him under § 1983. *See Doe v. Bobbitt, supra* at 695, and cases cited therein. *Aldinger* thus precludes this court from asserting pendent jurisdiction over the state law claims against Wiggins.

Goodman is the last of the three defendants seeking dismissal of the pendent claims against them. His allegedly improper acts pertain to *supervising* guardians ad litem, so he cannot escape liability on the same grounds as Wiggins. He also is not entitled to absolute immunity because according to plaintiffs' complaint, he performed administrative duties rather than prosecutorial ones. *See Clay v. Friedman,* 541 F.Supp. 500, 502–04 (N.D.Ill.1982). The state law claims against Goodman are therefore subject to pendent jurisdiction.

■ Having determined that there is no legal reason for refusing to hear plaintiffs' charges against Goodman and Cook County, this court now examines whether it should decline to assert jurisdiction over them as a matter of discretion. *See United Mine Workers v. Gibbs, supra* at 726. Factors to consider are judicial economy, litigants' costs, federal policies regarding access to federal courts, and whether state law claims predominate and/or are novel and complex. *Montgomery v. City of Chicago,* 670 F.Supp. 230, 236 (N.D.Ill.1987).

In this case, it undoubtedly would be more efficient and less expensive for this court to hear the pendent claims against Cook County and Goodman. It also can be argued that § 1983 plaintiffs are entitled to a federal forum. *See Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1361 (Posner, J., writing separately). Fi-

---

1. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), overruled precedent and held that counties were amenable to § 1983 suits. The Supreme Court specifically noted, however, that *Monell* did not change the *Aldinger* court's pendent jurisdiction analysis. *See Owen Equipment & Erection Company v. Kroger,* 437 U.S. 365, 372–73 n. 12, 98 S.Ct. 2396, 2402 n. 12, 57 L.Ed.2d 274 (1978).

nally, although the state claims in this lawsuit outnumber the § 1983 cause of action, there is no reason to suspect that those claims would offend principles of comity by embroiling this court in legal issues more properly decided by state tribunals. The state claims against Cook County and Goodman are therefore joined to this lawsuit by means of pendent party jurisdiction.

## CONCLUSION

Defendants' motion to dismiss the pendent claims is granted with respect to defendant Wiggins and denied with respect to Cook County and Goodman.