**Marrion GRIFFIN, by his Mother and Next of Friend, Sheila GRIFFIN, Plaintiff,**

v.

**CITY OF CHICAGO, a municipal corporation, B. Doyal, B. Becton, and Unknown Chicago Police Officers all individually and as agents of City of Chicago, Defendants.**

No. 90 C 2630.

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1990.

David K. Kremin, Michael L. Blumenthal, David K. Kremin & Associates, Chicago, Ill., for plaintiff.

Robert W. Barber, Donald R. Zoufal, Geri Lynn Yanow, City of Chicago, Law Dept., Kelly R. Welsh, Chicago, Ill., for defendants.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Mr. Griffin, through his mother, claims that he was mistreated by various Chicago police officers. He filed a complaint against them and the city alleging various state and federal claims. This court dismissed Mr. Griffin's *"Monell"* claim against the city earlier this year, because he failed to allege any facts supporting it. Mr. Griffin filed an amended complaint, which named the city only in those counts alleging state law violations (the city is sued in those counts on a respondeat superior theory). The city now moves to dismiss those counts, arguing that pendent party jurisdiction is inappropriate. This court agrees, and grants the city's motion.

The Seventh Circuit has instructed courts deciding whether to exercise pendent party jurisdiction to consider two factors:

First, the requirements of Article III of the Constitution for the exercise of federal judicial power must be fulfilled. Second, relevant statutory limitations on the exercise of pendent jurisdiction must be examined. *Aldinger v. Howard,* 427 U.S. 1, 18 [96 S.Ct. 2413, 2422, 49 L.Ed.2d 276]. ... (1976). ...

*Zabkowicz v. West Bend Co.,* 789 F.2d 540, 546 (7th Cir.1986). There is no constitutional bar to this court's exercise of juris-

diction in this case,[1] the question is whether there is a Congressional one. The Supreme Court, in *Aldinger*, (decided before *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)), decided that since Congress had not permitted counties to be sued under § 1983, neither were they to be joined to such an action as pendent parties.

There is some considerable disagreement on the question whether municipalities are amenable to pendent party claims on § 1983 actions post-*Monell*.[2] In this Circuit, however, while the court has not decided the precise question, it has offered sufficient guidance for this court to decide the question before it.

In 1984, the court opined that "pendent party jurisdiction is an embattled concept these days...." *Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 187 (7th Cir. 1984). (Citations omitted). The court noted that it had already held that a pendent diversity claim for less than the statutory minimum amount, was not within the court's pendent party jurisdiction in an action in which the main claim is also a diversity claim. *Id.* Nonetheless, the court continued, "where the main claim is a federal-question claim, there is still considerable support for allowing pendent party jurisdiction to be exercised over a related state-law claim against a different party." *Id.* (citations omitted). The court concluded that pendent party jurisdiction is more appropriately exercised "as a convenience to a party who has a substantive federal claim ... rather than as a service to the cause of judicial economy." *Id.* (citations omitted).

Addressing a question similar to the one presented here, that is, whether a county may be brought in as a pendent party where § 1983 claims are pending against individuals, the court held in *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336 (7th Cir.1985) that:

The positions of a county and of a private individual are not symmetrical. Although most local government is not within the protection of the Eleventh Amendment as it has been interpreted ... there is a natural reluctance to assume that Congress would want local government to be suable in federal court under a jurisdictional concept ("pendent parties" jurisdiction) not mentioned in the Constitution, when Congress had decided not to make the conduct for which the local government had been haled into federal court a violation of federal law.

*Id.* at 1359 (Posner, J. concurring, expressing majority view). Nonetheless, the court noted that "there is substantial authority ... for retaining the doctrine where the main claim is, as in this case, a federal claim...." *Id.* at 1360.

In *Citizens Marine National Bank v. U.S. Dept. of Commerce*, 854 F.2d 223, 226 (7th Cir.1988), the court opined that:

The best generalization about the current status and scope of pendent-party jurisdiction may be that no generalization is possible; the second best may be that, unsatisfactory as it is to have a sliding scale for jurisdiction, the existence of pendent-party jurisdiction depends on the pros and cons of exercising such jurisdiction in particular circumstances. However, if it appears as in *Aldinger* that Congress would not have wanted the federal courts to exercise jurisdiction over the pendent claim, then there is no pendent-party jurisdiction....

There, the plaintiff was suing the U.S. Dept. of Commerce under a statute which extended federal jurisdiction to certain limited cases brought against the government. The Seventh Circuit refused to allow a plaintiff, in federal court pursuant to that narrow jurisdictional grant, to bring in a

---

1. Here, there is a federal claim "of sufficient substance to confer federal jurisdiction", *Zabkowicz*, 789 F.2d at 546—Mr. Griffin has adequately stated a § 1983 claim against the defendant police officers—and the federal and state claims arise from a "'common nucleus of operative fact'" which a plaintiff would ordinarily expect to try in a single proceeding. *Id.*, citing

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

2. See, for example, Nahmod, *Civil Rights and Civil Liberties Litigation, The Law of Section 1983*, § 1.12 (Shepard's/McGraw–Hill, Inc, 2d Ed.1986), and cases cited therein.

non-governmental party with a state-law claim. *Id.* at 226–27.

More recently, the court has held that "even where the power exists to hear a pendent state-law claim, the decision whether to exercise that power rests in the district court's discretion; this is true whether the district court is exercising pendent claim or pendent party jurisdiction." *Huffman v. Hains,* 865 F.2d 920, 923 (7th Cir.1989).

This court has also had several occasions to consider the question of pendent party jurisdiction, and in at least two other cases, has confronted the question whether to allow a plaintiff to make a municipality a pendent party in a § 1983 action brought against individuals. In *Valliere v. Kaplan,* 694 F.Supp. 517, 519–21 (N.D.Ill.1988), this court stated that "the district courts should exercise [pendent party] jurisdiction over a municipal government reluctantly, especially in cases where a plaintiff has opted not to sue the municipality under § 1983."

This court did permit a municipality to remain in a suit as a pendent party in *Doe v. Bobbitt,* 682 F.Supp. 388 (N.D.Ill.1988) (rev'd on other grounds, 881 F.2d 510 (7th Cir.1989)), but the circumstances of that case were unique. As this court described them in *Valliere,* "[the plaintiff] was a minor who had alleged repeated sexual abuse at the hands of a relative. Rather than force her to recount this horrifying episode before two tribunals—something that might not be in keeping with the policies of the State of Illinois ...—this court chose to spare the child the misery." *Valliere,* 694 F.Supp. at 520–21.

In *Valliere,* much like in this case, the plaintiff alleged that he was mistreated by various police officers during and after his arrest. This court declined to exercise pendent party jurisdiction over the city, despite the fact that it technically could, for several reasons. Most of the plaintiff's claims were state tort claims. Here, three of Mr. Griffin's four claims are state law claims. The question whether a municipality owes a duty to protect citizens from abusive police officers was unclear under Illinois law, at the time this court decided *Valliere,* and it remains so. Thus, this court continues to believe that the better approach is to defer to the state court's judgment on the question. Finally, an adult alleging intentional and negligent torts, as does Mr. Griffin and as did Mr. Valliere, is "in a less compelling position than a minor who alleges sexual abuse from relatives." *Valliere,* 694 F.Supp. at 521.

This court also declined to exercise pendent party jurisdiction in a police brutality case in which the plaintiff attempted to join a municipality as a pendent party in *Hickombottom v. City of Chicago,* 739 F.Supp. 1173 (N.D.Ill.1990). There, the court again stated that it was for the Illinois courts to define the parameters of the duty, if any, owed by the city to citizens allegedly mistreated by the police.

Mr. Griffin's case is simply not distinguishable from either *Valliere* or *Hickombottom.* He alleges mistreatment by certain Chicago Police officers, but he has given this court no compelling reason to take the unusual step of exercising pendent party jurisdiction, while this court has postulated a number of compelling reasons not to. In light of all the decisions discussed above, this court will not allow Mr. Griffin to sue the city here as a pendent party.

*Conclusion*

The city's motion to dismiss the claims made against it in counts 2, 3 and 4 of Mr. Griffin's first amended complaint is granted.