2022 IL App (2d) 200693-U
No. 2-20-0693
Order filed February 4, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| ALLISON YOULE, | ) ) | Appeal from the Circuit Court of Lake County |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-L-861 |
| THE VILLAGE OF LINCOLNSHIRE, THE CHICAGO TRIBUNE, NINETEENTH JUDICIAL CIRCUIT COURT, and LAW BULLETIN MEDIA, | ) ) ) ) ) | Honorable, Kevin G. Costello, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appeal dismissed for appellant's noncompliance with Supreme Court Rule 341(h).

¶ 2    This appeal arises from a civil tort action brought by a *pro se* plaintiff, Allison Youle, against defendants, the Village of Lincolnshire (Village), the Chicago Tribune (Tribune), the Nineteenth Judicial Circuit Court (Circuit Court), and Law Bulletin Media (Law Bulletin), stemming from the release of basic information concerning her arrest for driving under the influence (DUI) of drugs.  Plaintiff appeals the dismissal with prejudice of her second amended

complaint. Because plaintiff's appellate brief falls grievously short of the requirements of Supreme Court Rule 341(h) (eff. Oct. 1, 2020) for failure to provide a cohesive argument supported by pertinent authority, we dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4     On December 28, 2018, following a traffic accident, plaintiff was arrested by an officer from the Village's police department on DUI charges. The details of the arrest were included in the weekly press release of arrests issued by the Village's police department. It provided:

> "On 12/28/2018 at 11:25 a.m. police responded to a reported property damage accident on Route 21 at Knightsbridge Parkway. Upon further investigation, police arrested [plaintiff], age 28 of Deerfield, Illinois for Driving Under the Influence of Drugs and Failure to Reduce Speed to Avoid an Accident. [Plaintiff] was released on a $3,000 personal recognizance bond and is due in court in Waukegan on 1/18/2019 at 9:00 a.m."

The Tribune also reported on plaintiff's arrest, and the report was expressly based on the Village's press release. It provided:

> "[Plaintiff], 28, of Deerfield, was arrested Dec. 28 and charged with driving under the influence of drugs and failure to reduce speed to avoid an accident near Route 21 and Knightsbridge Parkway. Police initially responded to a report of a crash involving property damage, police said. [Plaintiff] was released on a $3,000 bond with a notice to appear in court Jan. 18 in Waukegan, police said."

¶ 5     On November 20, 2019, based on the publication of her arrest, plaintiff filed a complaint alleging various theories against the Village, the Tribune, Law Bulletin, and the Circuit Court. Plaintiff was twice granted leave to amend her complaint, but the trial court cautioned that the

complaint must comply with section 2-603 of the Code of Civil Procedure (Code) (735 ILCS 5/2-603 (West 2018)), which governs the "[f]orm of pleadings."

¶ 6       On March 8, 2021, plaintiff filed a 39-page second amended complaint. As best we can tell, plaintiff raised claims against all defendants sounding in false light or defamation *per se*, negligence, negligent infliction of emotional distress, public disclosure of private facts, misappropriation of identity, false arrest, and false advertising. Generally, plaintiff alleged that the Village and the Tribune defamed her by publishing the basic details of her arrest, and that the Circuit Court wrongfully made public her identifying information with the knowledge that Law Bulletin gathers this information and distributes it to lawyers. Plaintiff did not dispute her involvement in the vehicle accident or that she was arrested for DUI, and she did not contest the accuracy of the Village's press release or the Tribune's reporting. As to the Law Bulletin, plaintiff did not allege that it actually published information about plaintiff, but she instead alleged that Law Bulletin "intend[ed] to gather and distribute [plaintiff's identifying] information to lawyers." Plaintiff denied taking any illegal substances leading to the accident, but confirmed that she had taken prescription medication, which included a warning to "use care when operating a vehicle." She asserted that she "blew 0.00 on the breathalyzer test" and informed the arresting officer that she had struggled with depression for many years.

¶ 7       Plaintiff also alleged that she had earned a paralegal certificate and, prior to the publication of her arrest, "had established interest in applying to law firms, financial institutions, and consulting firms" in the area. She alleged that "[a] reasonable person would conclude that the plaintiff is concerned about her reputation [in] the legal, consulting, and financial industries for the purposes of earning a living" and "would understand that public humiliation and interference with future success is debilitating to someone with this disease." She further stated that publication

of her arrest put her at a disadvantage in the job market and caused her "shame, humiliation, and debilitating worry." She also speculated that the publication of the arrest may cause her to "fail a pre-employment background check."

¶ 8 In her prayer for relief, plaintiff sought a total award of approximately $68 million. Specifically, as to the Village and the Chicago Tribune, she requested $4,213,600 in damages due to her lost earning capacity, $1,300,000 in emotional distress, and $27,568,000 in punitive damages. As to the Circuit Court and Law Bulletin, plaintiff requested $2,300,000 for her emotional distress and $32,568,000 in punitive damages.

¶ 9 Following a request from the chief judge of the Nineteenth Judicial Circuit, our supreme court entered an order directing the chief judge of the Twenty-Second Judicial Circuit to assign a judge from that circuit to preside over the case.

¶ 10 On November 16, 2020, after a hearing, the trial court dismissed with prejudice plaintiff's second amended complaint. In its written decision, the trial court agreed that the complaint was violative of section 2-603 of the Code, which requires that "[a]ll pleadings *** contain a plain and concise statement of the pleader's cause of action" and, where multiple forms of relief are sought, each cause of action be "separately pleaded, designated and numbered." It also addressed the substantive defects of the second amended complaint, and concluded that dismissal was warranted as to: (1) the Tribune, because plaintiff conceded that its report was accurate, and the Tribune was protected by the fair report privilege; (2) Law Bulletin, because plaintiff did not allege that it published information about the DUI, it did not collect and distribute information pertaining to criminal cases and, even if it did, it would be shielded by the fair report privilege; (3) the Circuit Court, because it lacked the legal capacity to be sued (See *Clay v. Friedman*, 541 F. Supp. 500,

504 (N.D. Ill. 1982)); and (4) the Village, because it was statutorily required to disclose information relating to plaintiff's arrest to the media (5 ILCS 160/4a (West 2018)).

¶ 11    This timely appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    Plaintiff identifies eight issues on appeal. As to each of the four defendants, plaintiff raises two issues, namely: whether the circuit court erred in granting that defendant's motion to dismiss and whether the trial court erred in denying plaintiff's motion for summary judgment.

¶ 14    We do not reach the propriety of the trial court's judgment, however, due to the numerous flagrant violations of Rule 341(h), which governs the form and contents of an appellant's briefs. The rules of procedure concerning appellate briefs are not mere suggestions, and an appellant's failure to comply with the rules governing appellate briefs is not an inconsequential matter. *Hall v. Naper Gold Hospitality*, LLC, 2012 IL App (2d) 111151, ¶ 7. A party's brief that does not substantially conform to the pertinent supreme court rules may justifiably be stricken. *Id*. The purpose of the rules is to require the parties before a reviewing court to present clear and orderly arguments, which are supported by citations of authority and the record, so that we may properly ascertain and dispose of the issues raised. *Id*. Striking a brief or dismissing an appeal for failure to comply with supreme court rules is a harsh sanction and is appropriate only when the violations interfere with or preclude our review. *Radosevich v. Industrial Comm'n*, 367 Ill. App. 3d 769, 772 (2006).

¶ 15    The violations of Rule 341 in plaintiff's *pro se* brief are so extreme that they hinder our review of the trial court's judgment, rendering dismissal of the appeal appropriate. While we are cognizant that plaintiff is a *pro se* litigant, her status in that regard does not excuse her failure to comply with supreme court rules governing appellate review (*Bielecki v. Painting Plus, Inc.*, 264

Ill. App. 3d 344, 354 (1994)), nor may we apply a more lenient standard to her based on her *pro se* status (*Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78). We detail only those deficiencies of the brief that are most egregious.

¶ 16     Rule 341(h)(2) (eff. October 1, 2020) requires that the appellant's brief contain "[a]n introductory paragraph stating (i) the nature of the action and of the judgment appealed from and whether the judgment is based upon the verdict of a jury, and (ii) whether any question is raised on the pleadings and, if so, the nature of the question." Here, plaintiff's introductory "paragraph" is nearly three single-spaced pages long and consists of a kaleidoscope of allegations, recitations of case law, and purported further amendments to her second amended complaint, which she dubs a "summary of corrections to the pleadings below." She also raises additional counts sounding in "malicious prosecution" and "lack of probable cause" and asserts in a conclusory manner that her second amended complaint "is in no way unintelligible." We disagree. Plaintiff's appellate brief undeniably does not conform to Rule 341(h)(2). See *Slater v. Illinois Labor Relations Board, Local Panel*, 2019 IL App (1st) 181007, ¶ 10 (introductory paragraph of an appellant's brief should contain neither lengthy recitations of fact nor argument).

¶ 17     Plaintiff's brief also fails to comply with Rule 341(h)(6) (eff. October 1, 2020), which requires a "[s]tatement of [f]acts, which shall contain the facts necessary to an understanding of the case, stated accurately and fairly and without argument or comment, and with appropriate reference to the pages of the record on appeal." Her statement of facts provides scant detail of the procedural history of the case. Other than the notice of appeal, she identifies only two references to the pages relied on in the record, namely: the pages where her amended complaint and second amended complaint may be found. For plaintiff's other "facts," she "specifies" only a 90-page range from the record where they can be found. Plaintiff's statement of facts is also inappropriately

argumentative. For example, plaintiff states that "it was apparent that there needed to be a neutral judge from a different circuit court due to a conflict of interest." The other "facts" included in the brief appear to be copied verbatim from her second amended complaint, which are similarly argumentative. Plaintiff states in her statement of facts that "[a] reasonable person would understand that public humiliation and interference with future success is debilitating to someone with [depression]," and that the fact that she was "being prescribed the medications *** would eliminate probable cause for a drug test." She also stressed that the warning labels on her prescription medication warn that care should be used when operating a motor vehicle, and she argued that "[n]ot using care would be careless, which would be negligent, thus not a criminal offense." Plaintiff's statement of facts plainly fails to comport with Rule 341(h)(6).

¶ 18 The worst shortcoming in plaintiff's brief, however, is its noncompliance with Rule 341(h)(7). This rule requires that the appellant's brief contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Plaintiff's brief falls woefully short of the requirements of this rule. Plaintiff provides no reasoned argument in support of any of her contentions, but instead relies on convoluted and bizarre allegations presented in a stream of consciousness, unsupported conclusions of law, and bulk recitations of case law with little to no application of those authorities to the facts of this case. As a representative example of the deficiencies plaguing her argument section, plaintiff concedes that publication of her arrest was mandated by section 4a of the State Records Act (5 ILCS 160/4a (West 2018), as argued by the Village, but she counters that "publication violates her constitutional rights." Plaintiff purports to give "citations to support the argument" and cites, without any analysis, section 1983 of the federal Civil Rights Act (42 U.S.C. § 1983) (1996)), federal caselaw (*Waters v. City of Chicago*,

580 F.3d 575, 580 (7th Cir. 2009)), and a section of the Village's municipal code. She also quotes at length from caselaw pertaining to the qualified privilege from defamation actions but, again, fails to provide any analysis. As another example, in response to the Circuit Court's argument that it does not have the legal capacity to be sued, plaintiff responds that she "strongly disagrees with this argument" and states only that "the *Clay* citation should not be good case law," with no meaningful elaboration. She bemoans that she "received no guidance" concerning whether she should have named "the Circuit Clerk's Office or Court Administration," as opposed to the Circuit Court, itself, and stated that "[i]t is almost like dodging service." It is not our role to develop arguments and research the issues on behalf of an appellant. U.*S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 20. Similarly, we will not comb through the record or conduct legal research to find support for plaintiff's contentions.

¶ 19     The remainder of her argument section fares no better—It is likewise riddled with bulk quotations of case law with no coherent analysis. Many of the quotations appear to be lifted from her second amended complaint and, indeed, a number of pages in plaintiff's brief are identical to those contained in her second amended complaint—which itself was incomprehensible. "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Points not developed are forfeited. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 6. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car manufacturing co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). In this case, the harsh sanction of striking plaintiff's brief is appropriate due to the cumulative effect of its numerous inadequacies—most notably the failure to present a

cohesive argument to support any of her claims of error—and we exercise our discretion to dismiss the appeal.

¶ 20                                        III. CONCLUSION

¶ 21     For the reasons stated, we dismiss the appeal.

¶ 22     Appeal dismissed.