# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151

---

| | |
|---|---|
| Appellate Court Caption | PEGGY LEE HALL, Plaintiff-Appellant, v. NAPER GOLD HOSPITALITY LLC, d/b/a Best Western of Naperville, and K.M. ENTERPRISES, INC., Defendants-Appellees (Unknown Others, Defendants). |
| District & No. | Second District<br>Docket No. 2-11-1151 |
| Filed<br>Rehearing denied | May 14, 2012<br>June 25, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's appeal from the entry of summary judgment for defendants in an action for the injuries she suffered in a fall on defendant hotel's icy parking lot that had been plowed by defendant snowplowing business was dismissed due to the egregious violations of supreme court and local rules committed by plaintiff's counsel and his law firm. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-L-338; the Hon. Dorothy F. French, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Paul H. Millewich, of Mevorah Law Offices, of Bloomingdale, for appellant.

Frank S. Capuani, of Law Offices of Capuani & Shiel, of Downers Grove, for appellee Naper Gold Hospitality LLC.

Bradford D. Roth, Cliff Demosthene, and Julie A. Teuscher, all of Cassiday Schade LLP, of Chicago, for appellee K.M. Enterprises, Inc.

Panel

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices McLaren and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1    On September 21, 2010, plaintiff, Peggy Lee Hall, filed an amended complaint against defendants, Naper Gold Hospitality LLC (Naper) and K.M. Enterprises, Inc. (K.M.), and "unknown others," arising out of a slip and fall on ice in Naper's parking lot in Naperville, Illinois. The amended complaint alleged that plaintiff was an invitee of Naper, a Best Western hotel, on March 10, 2008, and that she slipped on ice after loading her luggage into her car, causing her to suffer pain and injury. The complaint further alleged that K.M., the snowplowing business that had a contract to plow Naper's parking lot at the time of plaintiff's fall, negligently removed snow and ice from the premises. At her deposition, plaintiff testified that she did not see the ice before she fell and that she did not notice the ice until approximately 20 minutes after she regained consciousness, when a lady who was in the parking lot helped plaintiff to her feet. Plaintiff could not describe the ice, and she did not recall whether it was a "patch of ice." Plaintiff testified that she did not know how long the ice had been present or the source of the ice. When asked what caused the ice to form, plaintiff answered, "I have no idea." On July 23, 2010, Naper filed a motion for summary judgment based upon plaintiff's failure to establish that the ice upon which she fell was an unnatural accumulation.

¶ 2    Plaintiff did not file a response to Naper's motion for summary judgment until September 20, 2011. Prior to filing the response, plaintiff deposed Ken Minor, president of K.M. Minor testified that without looking into his records he would not know how many times between August 2007 and March 2008 he had plowed Naper's parking lot but said that it was possible he had plowed more than five times. Then he added, "It may have been five." Minor also testified that his records "most likely" would reveal when he last plowed the lot before the date of plaintiff's fall. Minor agreed that he should have documents showing which of his employees plowed the lot and on what dates. During the deposition, plaintiff's attorney

requested that K.M.'s attorney produce K.M.'s records, and K.M.'s attorney agreed to produce "anything relevant." The record does not reflect that the documents were ever produced or that plaintiff's attorney ever followed up with correspondence to K.M.'s attorney or brought a motion to compel the documents' production.

¶ 3 In her response to Naper's motion for summary judgment, plaintiff argued that there were genuine issues of material fact in that Minor had a contract with Naper to plow and salt the parking lot, K.M. had plowed at least five times before plaintiff's injury, K.M. "would back drag" snow out of the area where plaintiff fell, leaving some snow, ice, and water in the area, and Naper had the discretion to have the lot salted or not. The trial court granted Naper's motion, finding that plaintiff offered only speculation as to what formed the ice. With plaintiff's acquiescence, K.M. then orally joined in Naper's motion, and the trial court granted summary judgment in K.M.'s favor.

¶ 4 On October 25, 2011, plaintiff filed a motion to reconsider, alleging that the trial court erred in holding a hearing on the motion for summary judgment before discovery had been completed and citing K.M.'s failure to produce the documents requested at Minor's deposition. On November 11, 2011, the trial court denied the motion to reconsider. Paragraph 4 of the court's written order stated:

"The court finds that the plaintiff did not request a continuance on [*sic*] the hearing on the motions for summary judgment in order to perform discovery and, thus, there is no basis to grant a motion to reconsider."

Plaintiff filed a timely notice of appeal.

¶ 5 Plaintiff raises two issues: (1) the trial court erred in hearing the motion for summary judgment before discovery was completed, and (2) the trial court erred in granting summary judgment as there was a genuine issue of material fact as to whether the accumulation of ice was natural or unnatural.

¶ 6 We are unable to reach the merits because of the flagrant and, frankly, appalling violations of supreme court and local rules committed by plaintiff's attorney, Paul H. Millewich, and his law firm, Mevorah Law Offices, in the handling of this appeal.

¶ 7 Illinois Supreme Court Rule 341(h) (eff. July 1, 2008) governs the contents of an appellant's brief. "The rules of procedure concerning appellate briefs are rules and not mere suggestions." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). Failure to comply with the rules regarding appellate briefs is not an inconsequential matter. *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). A brief that lacks any substantial conformity to the pertinent supreme court rules may justifiably be stricken. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986).

¶ 8 Rule 341(h)(4) requires a statement of jurisdiction setting forth the supreme court rule or other law that confers jurisdiction upon the reviewing court. Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008). The purpose of requiring a jurisdictional statement is not merely to tell this court that it has jurisdiction, but to provoke counsel into making an independent review of

-3-

the right to appeal, before writing the brief. *Revolution Portfolio, LLC v. Beale*, 332 Ill. App. 3d 595, 598 (2002). It goes without saying that appellate litigation is a great expense to the parties and that judicial resources should not be squandered. Therefore, an accurate jurisdictional statement is necessary to the orderly administration of justice. In the present case, plaintiff's jurisdictional statement is useless, as it was apparently photocopied, or otherwise lifted, from a brief the Mevorah firm had previously filed in a dissolution-of-marriage case and was then inserted into plaintiff's slip-and-fall case. The "statement of jurisdiction" recites that our jurisdiction is predicated on a series of trial court orders that have nothing whatsoever to do with the instant appeal. For instance, the statement recites that one of the orders appealed from is a denial of a motion to reconsider "[l]oss of [m]onies from [n]ot [h]anding [o]ver [t]itles in a [r]easonable [t]ime." The jurisdictional statement is detailed and 1½ pages long, so it is not as though a simple paragraph from another brief, used as a template, got transposed. It is unimaginable that this mistake was not caught prior to the filing of plaintiff's brief (or at least when counsel discovered the same error in the statement of facts, discussed below).

¶ 9 Rule 341(h)(6) requires a statement of facts that contains the facts "necessary to an understanding of the case." Ill. S. Ct. R. 341(h)(6) (eff. July 1, 2008). This court may strike a statement of facts when the improprieties hinder our review. *John Crane Inc. v. Admiral Insurance Co.*, 391 Ill. App. 3d 693, 698 (2009). This court is also within its rights to dismiss the appeal for failure to provide a complete statement of facts. *Burmac*, 356 Ill. App. 3d at 478. Plaintiff's brief contains a statement of facts copied from the same dissolution-of-marriage case that counsel referenced in the jurisdictional statement. Obviously, the facts in the dissolution case do not lend themselves to "an understanding" of the instant case. However, counsel discovered the mistake (but somehow still overlooked the faulty jurisdictional statement) and filed an amended statement of facts. There are two problems with the amended statement of facts. First, counsel filed the amended statement of facts without a motion seeking leave of court to make the substitution, in violation of local rule 101(c)(2) (Ill. App. Ct., Second Dist., R. 101(c)(2) (Oct. 4, 2011)). Second, the amended statement of facts consists of five paragraphs that barely acquaint this court with the procedural history of the case or the issues involved.

¶ 10 Rule 341(h)(3) requires the appellant to include "a concise statement of the applicable standard of review for each issue, with citation to authority." Ill. S. Ct. R. 341(h)(3) (eff. July 1, 2008). Plaintiff's brief violates this rule in that nowhere is a standard of review set forth.

¶ 11 The above-noted violations came on top of plaintiff's filing of a noncompliant appendix, which required this court, on its own motion, to order attorney Millewich and the Mevorah Law Offices to file an appendix that complied with Illinois Supreme Court Rule 342 (eff. Jan. 1, 2005). We had to twice order counsel to file a compliant appendix, the second time under threat of dismissal of the appeal, because counsel ignored our first order.

¶ 12 Even were we to overlook counsel's lack of professionalism in brushing off the above supreme court rules and our local rule, we cannot ignore that counsel's arguments on the merits fail to comply with Rule 341(h)(7), which requires that the appellant's arguments contain his or her contentions and the reasons therefor, with citations to authorities and to the pages of the record relied upon in support of the appellant's contentions. Ill. S. Ct. R.

341(h)(7) (eff. July 1, 2008). Plaintiff supports her first contention–that the trial court erred in proceeding to a hearing on Naper's motion for summary judgment when discovery had not been completed–with boilerplate citations to the standards for granting a motion for summary judgment and what constitutes negligence in a slip-and-fall case, but she does not support her contention with citations to pertinent authorities or with citations to the relevant pages of the record. The failure to provide proper citations to the record is a violation of Rule 341(h)(7), the consequence of which is the forfeiture of the argument. *People v. Sprind*, 403 Ill. App. 3d 772, 778-79 (2010). Moreover, plaintiff's entire argument boils down to two conclusory paragraphs (we do not state on what page, because counsel did not bother to paginate the brief). Mere contentions, without argument or citation to authority, do not merit consideration on appeal. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 881 (2010). Accordingly, this argument is forfeited.

¶ 13    Plaintiff's second contention–that the trial court erred in granting summary judgment in favor of defendants, because there was a genuine issue of material fact–is also forfeited. Plaintiff's entire argument is one conclusory paragraph unsupported by any citations to authority. "The appellate court is not a depository into which a party may dump the burden of research." *People v. O'Malley*, 356 Ill. App. 3d 1038, 1046 (2005).

¶ 14    Having discussed the most egregious of the violations of Rule 341, we must also mention a more minor infraction that, standing alone, would not cause comment. Rule 341(d) requires that the cover of briefs contain the case number in the reviewing court and the name of that court; the name of the court or administrative agency from which the case was brought; the name of the case as it appeared in the lower tribunal with appropriate designations for "appellant" and "appellee"; the name of the trial judge entering the judgment to be reviewed; and the individual names and addresses of the attorneys and their law firm. Ill. S. Ct. R. 341(d) (eff. July 1, 2008). Here, counsel included in the caption himself and his firm. Counsel also included in the caption the dates that the orders under review were entered by the trial court, as follows: "Date of Order Appealed: October 12, 2011, affirmed November 8, 2011." This was not only extraneous, it was misleading in that it made it appear that this court had already affirmed the judgment of the trial court. We mention this so that the mistake can be avoided in the future.

¶ 15    We recognize that striking an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Here, where the jurisdictional statement and the statement of facts do not even pertain to the case on appeal but were copied wholesale from an unrelated brief, where the brief contains no standards of review, and where, most important, plaintiff's arguments are conclusory and not supported by any authority, we have no choice but to strike the brief and dismiss the appeal. Rule 341 represents our supreme court's considered opinion of the format that best facilitates the clear and orderly presentation of arguments. *Kerger v. Board of Trustees of Community College District No. 502*, 295 Ill. App. 3d 272, 275 (1997). We agree with the First District's sentiments in *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47, that our docket is full, and noncompliance with the rules does not help us resolve appeals expeditiously. "Reviewing courts will not search the record for purposes of finding error *** when an appellant has made no good-faith

effort to comply with the supreme court rules governing the contents of briefs." *Parker*, 2011 IL App (1st) 102871, ¶ 47. Accordingly, the appeal is dismissed.

¶ 16        Appeal dismissed.