2020 IL App (1st) 190995-U

THIRD DIVISION
September 30, 2020

No. 1-19-0995

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | |
|---|---|
| ELAINE J. LEE, ) | |
| ) | |
|    Charging Party-Appellant, ) | |
| ) | Appeal from the |
| v. ) | Illinois Educational |
| ) | Labor Relations Board |
| THE ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD; ) | |
| and MAYWOOD-MELROSE PARK-BROADVIEW SCHOOL ) | 2018-CA-0066-C |
| DISTRICT 89, ) | |
| ) | |
|    Respondents-Appellees. ) | |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Burke concurred in the judgment.

O R D E R

¶ 1    *Held*: Appellant's failure to comply with mandatory rule regarding appellate brief precluded review.

¶ 2    This is a direct appeal from the dismissal of an unfair labor practice charge which Elaine J. Lee filed *pro se* with respondent Illinois Educational Labor Relations Board ("Board") regarding her employment as a school psychologist during the 2017-18 school year.

¶ 3    Lee, who was hired in 2004 and subsequently tenured, alleged that respondent Maywood-Melrose Park-Broadview School District 89 ("District") violated Sections 14(a)(1), 14(a)(3), and

14(a)(5) of the Illinois Labor Relations Act (Act) and portions of the 2014-18 collective bargaining agreement ("CBA") between the school district and her employment union, Maywood Education Association ("Union"), by implementing a professional performance remediation plan for the 2017-18 school year. 115 ILCS 5/14(a)(1), 14(a)(3), 14(a)(5) (West 2016). The remediation plan was based on four evaluations conducted in late 2017.

¶ 4 Under section 14(a)(1) of the Act, educational employers are prohibited from "[i]interfering, restraining or coercing employees in the exercise of the rights guaranteed under this Act." 115 ILCS 5/14(a)(1) (West 2016). Sections 14(a)(3) and 14(a)(5) prohibit educational employers from, respectively, "[d]iscriminating in regard to hire or tenure of employment or any term of condition of employment to encourage or discourage membership in any employee organization") and "[r]efusing to bargain collectively in good faith with an employee representative which is the exclusive representative of employees." Lee cited the CBA's Article V, Section 5.01, entitled "Evaluation of all teachers" and Section 5.02, entitled "Professional Development Plan." Lee alleged that the District knew or should have known that the evaluation plan undertaken in 2017 "circumvent[ed] the primary purpose of the [CBA] between [the District and Union] to improve quality of instructions [(sic)] for teacher's [(sic)] evaluations" and that her evaluation plan should have been negotiated between the District and her union.

¶ 5 The District responded that none of Lee's allegations implicated Section 14(a) of the Act 115 ILCS 5/14 (West 2016). On the face of her charge and in her position statement, Lee had explicitly stated that the basis for her charge was the District's compliance with Article V of the CBA when implementing the remediation plan, and she alleged no other conduct by the District or any actions she took that were protected by the Act. Section 14(a)(3) of the Act applies to

discrimination based on union activity, while section 14(a)(1) covers adverse action against an employee because of other protected concerted activity. *Bloom Township High School District. 206, Cook County v. Illinois Educational Labor Relations Board*, 312 Ill. App. 3d 943, 957, 728 N.E.2d 612, 623 (2000). Section 14(5) requires an educational employer to bargain in good faith with the union. *Chicago School Reform Board of Trustees v. Illinois Educational Labor Relations Board*, 315 Ill. App. 3d 522, 528, 734 N.E.2d 69, 74 (2000). The District also contended that no CBA violation had occurred and that by the terms of the CBA, violations were subject to a grievance procedure initiated by the union and binding arbitration.

¶ 6    After an investigation, the Board's executive director issued a recommended decision and order dismissing the charge on grounds that it failed to raise an issue of fact or law warranting a hearing.

¶ 7    Lee filed exceptions and Board affirmed the dismissal. The Board concluded that Lee had submitted no evidence demonstrating that she engaged in activity protected by the Act and that her employer took adverse action because of such activity. The Board also concluded that violations of a collective bargaining agreement do not constitute unfair labor practices.

¶ 8    The administrative agency entered its dismissal order on April 25, 2019. Lee timely filed her direct appeal on May 14, 2019. Given the age of this appeal, we note that when Lee failed to file an opening brief, we dismissed the matter for want of prosecution, but granted her petition for reconsideration and the parties then completed their briefs on August 26, 2020. We have jurisdiction over this direct administrative review action pursuant to section 16 of the Act, section 3-113 of the Administrative Review Law, and Supreme Court Rule 335. 115 ILCS 5/16 (West 2016) (providing for judicial review of a final order of the Board); 735 ILCS 5/3-113 (West 2016)

(allowing for direct review of administrative orders by an appellate court); Ill. S. Ct. R. 335 (eff. July 1, 2017) (same).

¶ 9    The appellant's brief lacks any citation to the record on appeal. Furthermore, the appellant's argument is "[b]ased upon Appellant's knowledge and belief" rather than citation and discussion of relevant authority. Even more concerning is that the entire appellate argument is slightly more than one page. This short argument does not address the alleged violations of the Act and it contains only conclusory statements regarding the alleged violations of the CBA. For instance, Lee states the following to support her allegation that the evaluation plan violated the CBA:

> "There appears from reading District 89 Evaluation Plan multiple meetings were held 2014-2015; 2016-2017 between District 89 Evaluation Committee members, *i.e.*, school administrators and teacher representatives. Nothing is stated on the record to substantiate both parties formally recommended changes to the evaluation process as required pursuit to Article V section 5.01.
>
> Appellant states Appellee, the District[,] directly violated Article V section 5.01- 5.02. of the collective bargaining agreement by usurping the authority of the Agreement."

¶ 10    Then, in order to refute the District's contention that CBA violations are subject to grievance by the union and arbitration, Lee states only the following:

> "Appellees['] argument that Appellant had no legal standing to challenge the evaluation process is frivolous. Appellant was a member of bargaining unit of its employees represented for purpose of collective bargaining by the Union to file Charge complaint alleging violation of Article V sections 5.01.-5.02."

¶ 11　"Rule 341(h) governs the contents of the appellant's opening brief, and its terms are requirements, not mere suggestions. Ill. S. Ct. R. 341(h) (eff. Jan. 1, 2016); *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7, 969 N.E.2d 930. The rule is in effect so that the parties present clear and orderly arguments to the reviewing court so that it can properly ascertain and address the issues involved. *Hall*, 2012 IL App (2d) 111151, ¶ 7. Rule 341(h)(7), in particular, provides that the appellant's argument section must contain the contentions of the appellant with "citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016). Reviewing courts are not expected to search the record in order to find error where the appellant has not made a good-faith effort to present a brief in compliance with the briefing rules. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47, 957 N.E.2d 454.

¶ 12　Lee is *pro se*, however, even *pro se* appellants are expected to adhere to the supreme court rules, including those that govern the contents of appellate briefs. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511, 748 N.E.2d 222, 225 (2001) ("*pro se* status does not relieve [an appellant] of the burden of complying with the format for appeals as mandated by the supreme court rules); see also *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574, 493 N.E.2d 143, 144 (1986) ("Although his right to appear *pro se* is well established, it is equally well established that when he does appear *pro se*, he must comply with the established rules of procedure.").

¶ 13　Failure to comply with the rules is not an inconsequential matter; a brief that "lacks any substantial conformity to the pertinent supreme court rules may justifiably be stricken." *Hall*, 2012 IL App (2d) 111151, ¶ 7; *Bielecki v. Painting Plus, Inc.*, 264 Ill. App. 3d 344, 354, 637 N.E.2d 1054, 1061 (1994) (bare contentions "do not merit consideration on appeal and should be

rejected"). Striking a brief "is a harsh sanction and is appropriate only when the violations of the procedural rules hinder our review." *Hall*, 2012 IL App (2d) 111151, ¶ 15.

¶ 14     The lack of substance and citation in Lee's opening brief prevents us from analyzing her concerns and forming an opinion about them. We cannot conduct a meaningful review. Under the circumstances, we must strike the brief and dismiss the appeal.

¶ 15     Appeal dismissed.