2020 IL App (1st) 192459-U

THIRD DIVISION
November 25, 2020

No. 1-19-2459

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 18 CH 13346 |
| | ) | |
| CHARMAINE LUCAS, | ) | Honorable |
| | ) | Edward J. King, |
| Defendant-Appellant. | ) | Judge Presiding |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed. Appellant's brief contains numerous violations of Illinois Supreme Court 341 which preclude meaningful review.

¶ 2    Charmaine Lucas appeals the circuit court's order confirming sale after her home was foreclosed on. However, because her brief contains serious violations of Illinois Supreme Court Rule 341, we dismiss the appeal.

¶ 3    Plaintiff, Federal National Mortgage Association ("Fannie Mae") filed a complaint to foreclose a mortgage on Defendant Charmaine Lucas's home. Lucas filed a *pro se* answer claiming that she lacked sufficient information to deny the allegations of default. The answer did not allege any affirmative defenses.

¶ 4    A few months after the answer, Fannie Mae moved for summary judgment. Lucas did not respond. The court granted the foreclosure, and the case proceeded to judicial sale.

¶ 5    The judicial sale occurred in September 2019, where Fannie Mae was the winning bidder. They moved to approve the sale. Again, Lucas did not file a response to this motion.

¶ 6    However, on September 10, 2019, Lucas sent a lengthy document titled "Conditional Acceptance for Value and Counteroffer/Claim For Proof of Claim and Tender of Payment Offering."  This document, as best we can discern, was in part a counteroffer to "redeem" the property, in part a demand for arbitration, and in part an objection to the judicial sale.

¶ 7    The record shows that the servicer responded on October 3, 2019 and informed Lucas that her document "has no legal validity" and was "in a form that is not reasonably understandable." In October, the court granted the motion to confirm sale. Finally, in November, Lucas filed a motion to vacate the order approving sale. Her motion claimed that the September sale "was not fairly and properly made and was based on fraud." Specifically, she based her claim on the "Conditional Acceptance for Value and Counteroffer/Claim For Proof of Claim and Tender of Payment Offering."

¶ 8    The court denied Lucas's motion, and she timely appeals.

¶ 9    On appeal, Lucas claims that the circuit court erred by "Not following the FAA Rules in a personal matter between parties with a contract." Because it forms the basis of our disposition, we repeat her argument in its entirety:

> "The Agreement contains a commerce clause and a arbitration clause therefore, the matter is to be decided solely by the arbitrator when delegated by the parties by the contract. Archer, U.S Supreme Court, Jan. 8, 2019.

The Supreme Court in Archer has made it clear that the Court's [*sic*] must follow, not court Rules, but the Federal Arbitration Act as written."

¶ 10    In response, Fannie Mae asks that we strike Lucas's briefs for failure to comply with Illinois Supreme Court Rule 341.

¶ 11    Illinois Supreme Court Rule 341 governs the requirements of an appellant's brief. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. Per the rule, the brief must contain, among other things, a statement of facts and an argument which "contain[s] the contentions of the appellant and the reasons therefor, with citation of authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. October 1, 2020). These requirements are mandatory, not mere suggestions. *Hall*, 2012 IL App (2d) 111151, ¶ 7. And while Lucas is *pro se*, we do not apply a more lenient standard to *pro se* litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. Where a brief contains numerous violations of Rule 341, we may strike the brief and dismiss the appeal. *Rosestone Investments*, *LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18.

¶ 12    Lucas's brief contains no statement of facts and no citations to the record. Her entire argument consists of a mere two sentences. She did appear to cite a case—"Archer, U.S. Supreme Court, Jan. 8, 2019"—which we take to mean *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524 (2019). Unfortunately, "[b]oth argument and citation to relevant authority are required. An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule." *Vancura v. Katris*, 238 Ill.2d 352, 370 (2010).

¶ 13    As a reviewing court, we are entitled to a cohesive legal argument with the issues clearly defined and citation to the record and competent authority. *First National Bank of LaGrange v.*

*Lowrey*, 375 Ill. App. 3d 181, 208 (2007). We are not "a depository in which the appellant may dump the burden of argument and research." *Id.*

¶ 14    That is so because we cannot review a judgment unless the appellant (here, Lucas) explains to us how the trial court erred and demonstrates to us where in the record these errors appeared. All we can glean here is that Lucas is claiming, without legal support, that this Illinois foreclosure case was subject to the FAA—the Federal Arbitration Act. She discusses a supposed arbitration clause but does not cite to it in the record, nor have we been able to discover it.

¶ 15    Fannie Mae posits that Lucas's argument is premised on the September 10 correspondence, the lengthy "Conditional Acceptance for Value and Counteroffer/Claim For Proof of Claim and Tender of Payment Offering" that did, indeed, mention arbitration repeatedly. That is as good a guess as any, but Lucas does not explain why Fannie Mae would be bound by something Lucas sent in the mail, as opposed to the binding contract between them—the mortgage.

¶ 16    We will not speculate further. We are sympathetic to a *pro se* litigant's difficulty and understand the stress that litigation like this produces for any homeowner. But without citations to the record, any statement of facts, or a developed argument, we could not possibly review the trial court's judgment in any meaningful way. We see no other option but to dismiss this appeal.

¶ 17    Appeal dismissed.