NOTICE
Decision filed 05/17/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220014-U

NO. 5-22-0014

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| FIRST FEDERAL SAVINGS BANK OF CHAMPAIGN-URBANA, | ) ) ) | Appeal from the Circuit Court of Piatt County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 21-MR-17 |
| STEPHEN J. SHREFFLER and DORIS SHREFFLER, | ) ) ) | Honorable Dana C. Rhoades, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Vaughan and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the order of the circuit court denying plaintiff's complaint for declaratory and equitable relief, where plaintiff forfeited argument that the court erred by denying declaratory relief and the court did not abuse its discretion by denying equitable relief.

¶ 2   Plaintiff, First Federal Savings Bank of Champaign-Urbana, appeals an order of the circuit court of Piatt County, which denied plaintiff's complaint for declaratory and equitable relief against defendants, Stephen J. Shreffler and Doris Shreffler. We affirm.

¶ 3                               I. Background

¶ 4   On February 23, 2021, plaintiff filed a two-count complaint against defendants, asserting a claim for declaratory judgment (count I) and an "equitable claim" (count II). In count I, plaintiff sought a declaratory judgment regarding the rights to property located at 614 East Livingston

1

Street, Monticello, Illinois (Lot 16). Plaintiff included detailed allegations regarding the chain of title to Lot 16 and attached as exhibits to the complaint all recorded deeds relating to the property.

¶ 5    Plaintiff alleged that three individuals "conveyed to Albert Maier all of Block 34 in Kennan's East Addition to the original Town, now City of Monticello, which included Lot 16," on February 17, 1941. Albert and Eva Maier conveyed to Ralph and Wilma McInnes Lots 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 in Block 34 of Kennan's East Addition to Monticello, Illinois, on August 31, 1945. Ralph and Wilma McInnes transferred Lot 15 and Lot 16 to General Eades Jr. and Elizabeth Eades by warranty deed on July 1, 1980. General Eades Jr. and Elizabeth Eades transferred "Tracts 1 and 2," which included Lot 15 and Lot 16, to defendants by warranty deed on April 22, 1993. Defendants transferred "Lot 16 and other real estate" to Dannielle Janine Nassar by warranty deed on November 7, 2003. The Piatt County Sheriff transferred Lot 16 to Federal National Mortgage Association by sheriff's deed on March 21, 2012, and Federal National Mortgage Association transferred Lot 16 to JEC Development by special warranty deed on June 4, 2012. The Piatt County Sheriff transferred "Lot 16 and other real estate" to plaintiff by sheriff's deed on September 10, 2020.

¶ 6    Plaintiff alleged that it learned the house located on Lot 16 encroached onto abutting Lot 15, which was owned by defendants, by approximately six feet when it prepared to sell Lot 16. Plaintiff alleged that defendants learned of the encroachment in February 2004, when they attempted to enlarge a building structure on Lot 15. The house on Lot 16 was built in the 1940s, and defendants were the first to discover the encroachment. Plaintiff alleged that the "encroachment of the house on Lot 16 onto Lot 15 has apparently existed as it does today since the 1940's, and thus existed on November 7, 2003, when the Defendants transferred Lot 16 to

2

Dannielle Janine Nassar ***." Plaintiff further alleged that the November 7, 2003, transfer was the first transfer of Lot 16 separate from Lot 15 since the house was built on Lot 16.

¶ 7 Plaintiff alleged that by severing the longstanding common ownership of Lot 15 and Lot 16, defendants "were, at least in part, directly responsible for creating the cloud on title that exists due to the encroachment by the house on Lot 16 onto Lot 15." Plaintiff sought to clear the cloud on title to Lot 16 "with a declaration that Plaintiff's ownership of Lot 15 includes the land beneath and reasonably surrounding the house which Defendants transferred by Warranty Deed." Plaintiff alleged that it would be inequitable to allow defendants to create "the issue, at least in part, yet to now retain ownership of the portion of Lot 15 upon which the house is located, and which Defendant's intended to transfer by Warranty Deed on November 7, 2003." Plaintiff alleged that an actual controversy existed between the parties and, thus, requested a judgment in its favor and against defendants declaring that plaintiff holds fee simple title to all of Lot 16 and that portion of Lot 15 beneath and reasonably surrounding the house encroaching from Lot 15.

¶ 8 In count II, titled "equitable claim," plaintiff made the same allegations as in count I and requested nearly the same relief. In count II, plaintiff requested a judgment in its favor and against defendants declaring that plaintiff is entitled to take possession of and title to all of Lot 16 and that portion of Lot 15 on which the house encroaches.

¶ 9 On April 23, 2021, plaintiff filed a motion for summary judgment, pursuant to section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2020)), as to both counts of the complaint. Plaintiff alleged that it filed a two-count complaint, "seeking a declaration from the Court and, in the alternative, for equitable relief, seeking an order from the Court that the Plaintiff holds fee title to six feet of Lot 15 in Block 34 of Keenan's East Addition to Monticello, Illinois." Plaintiff alleged that defendants failed to file an answer or other responsive pleading.

3

Plaintiff alleged that there were no genuine issues as to any material facts, and that it was entitled to a judgment as a matter of law. Thus, plaintiff requested that the court grant its motion on both counts of the complaint, "holding that Plaintiff holds fee-simple title to all of Lot 16 and that portion of Lot 15 beneath and reasonably surrounding the house encroaching onto Lot 15, and for such other relief as the Court deems just and equitable."

¶ 10    Plaintiff attached as an exhibit to the motion "a copy of a deposition given by Defendant Stephen Shreffler, under oath, in the case of *JEC Development, Ltd. v. Andrea Poling and Prudential Landmark Real Estate*, case number 13LM2, in the Circuit Court of Piatt County, Illinois." Defendant's deposition testimony revealed the following details: a survey was completed when defendant purchased Lot 15 and Lot 16, but the survey failed to reveal the encroachment; defendant sold Lot 16 to Dannielle Nassar in November 2003; defendant did not have a survey conducted prior to the 2003 sale; defendant discovered the encroachment in February 2004, when he attempted to add on to an existing structure on Lot 15; defendant notified Dannielle Nassar's boyfriend of the encroachment but the issue was not resolved; defendant notified the bank that foreclosed on the property of the encroachment but the bank did not seem concerned; and, in 2012, defendant notified a realtor of the encroachment but never heard back from the realtor.

¶ 11    On May 18, 2021, defendant Stephen Shreffler filed an application for waiver of court fees, which the circuit court granted the same day. On June 16, 2021, defendants filed an application for appointment of counsel, and plaintiff filed a motion to strike and dismiss defendants' application the same day. The court denied defendants' application on August 6, 2021.

¶ 12    On September 3, 2021, defendants filed a *pro se* "answer and responsive pleading" to plaintiff's complaint. Defendants requested that the circuit court find the complaint's allegations unsupported by facts and dismiss both counts of the complaint with prejudice. Defendants also

4

filed a *pro se* "answer and responsive pleading" to plaintiff's motion for summary judgment, requesting that the court deny plaintiff's motion.

¶ 13    On September 8, 2021, plaintiff filed a response to defendants' filings. Plaintiff alleged that defendants' filings were unsupported by facts and affidavits. Thus, plaintiff requested that the circuit court either strike or deny defendants' filings.

¶ 14    On November 23, 2021, the circuit court held a hearing on plaintiff's motion for summary judgment. Plaintiff argued that defendants sold Lot 16, which included a house, but defendants did not sell all of the real estate underlying the house. Plaintiff argued that defendant Stephen Shreffler sought to take advantage of the problem he created. Plaintiff argued that under either count of the complaint, the court possessed the ability to declare that defendant "should not be able to take advantage of the problem that he created." Plaintiff further argued that the court should grant the motion for summary judgment and order defendants to provide a quitclaim deed for the six feet underlying the house they previously sold.

¶ 15    The circuit court indicated that it understood, based on its review of the materials filed in support of the motion for summary judgment, the error was created in a deed from 1945 or when the house was built on Lot 16. Plaintiff responded, "Well that's when it was initially dealt with, yes." Plaintiff explained that "it didn't really matter at that time because the same party owned both lots." Plaintiff claimed that "it only became an issue when the defendant acquired the lots" and "sold [Lot 16] off." Plaintiff acknowledged that "a better legal description or title work or even a better deed" could have prevented the issue.

¶ 16    Defendant Stephen Shreffler argued that there were genuine issues of material fact. Defendant asserted that Lot 16 "had problems for a long time," and that he sold Lot 16 with the understanding that the house would be torn down. Defendant maintained that a prior "bank chose

5

not to try to seek and make [him] responsible for their blunders." Defendant believed that there was "a bank employee that's trying to cover his butt in the fact that he made a mortgage or made a loan on this property that should never have happened, especially since it's already on record that this property had these problems." Defendant denied that he sought to take advantage of the situation, stating that he never filed suit against anyone. Defendant asked the circuit court to dismiss the case with prejudice. Defendant later clarified that he did not "split these lots up."

¶ 17    In rebuttal, plaintiff argued that the circuit court should not dismiss the case because defendant failed to file a legally sufficient response to the complaint and motion for summary judgment. Plaintiff also reiterated that defendant sought to take advantage of a problem he created, which was the issue before the circuit court.

¶ 18    On December 7, 2021, the circuit court entered an "order on motion for summary judgment and argument complaint for declaratory judgment and equitable claim." The court set out findings consistent with the complaint's allegations regarding the chain of title to Lot 16. The court additionally found that defendants transferred Lot 16, Lot 17, and Lot 18 to Dannielle Nassar on November 7, 2003, while retaining ownership of Lot 15. Defendants first learned of the encroachment in February or March 2004. PNC Bank granted Dannielle Nassar a mortgage on Lot 16, on March 23, 2007, and PNC Bank foreclosed on the mortgage due to Dannielle Nassar's default on November 12, 2010. Plaintiff subsequently granted JEC Development a mortgage on Lot 16 on July 27, 2016, and plaintiff foreclosed on the mortgage on December 4, 2019.

¶ 19    The circuit court found it significant that Lot 15 and Lot 16 were separately platted before defendants owned the two lots, and that the house encroaching upon Lot 15 was built 50 years before defendants owned the two lots. The court also noted that plaintiff confessed in the complaint that defendants did not know of the encroachment at the time they conveyed Lot 16 to Dannielle

6

Nassar. The court further noted that Lot 16 went through two mortgage foreclosures and changed ownership from Nassar to Federal National Mortgage to JEC Development to plaintiff. The court found it "perplexing that two different banks extended mortgages on Lot 16 without discovering the house encroachment issue." Lastly, the court noted that defendant Stephen Shreffler's deposition testimony indicated that, after he discovered the encroachment, he attempted to discuss the issue with various people as ownership of Lot 16 changed. Based on these findings, the court denied plaintiff's request for declaratory judgment in count I of the complaint, denied plaintiff's request for equitable relief in count II of the complaint, and found the motion for summary judgment moot. Plaintiff timely appealed.

¶ 20                                    II. Analysis

¶ 21    On appeal, plaintiff argues that the circuit court's "order denying Plaintiff's Motion for Summary Judgment and granting judgment to the Defendant's on Plaintiff's complaint was an abuse of discretion." Plaintiff asserts that "[p]rinciples of equity require that judgment be entered in favor of [plaintiff] and against [defendants], and that [p]laintiff be awarded, as a matter of equity, six feet of [L]ot 15 on which a house encroaches." We disagree.

¶ 22    Before turning to the merits, we find it necessary to address several deficiencies in plaintiff's opening brief. Plaintiff's brief fails to fully comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. The purpose of the appellate rules of procedure is to require the parties before the reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues presented. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. The procedural rules governing the content and format of appellate briefs are not suggestions, they are mandatory. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st)

7

123422, ¶ 18. Only where the violations preclude or interfere with our review is dismissal of the appeal appropriate. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). This court has the discretion, however, to strike an appellant's brief and dismiss an appeal for failure to comply with the applicable rules of appellate procedure. *McCann*, 2015 IL App (1st) 141291, ¶ 12. With these principles in mind, we discuss the deficiencies in plaintiff's opening brief.

¶ 23    Plaintiff's brief fails to fully comply with Rule 341(h)(3), which requires the appellant to include a statement of the issue or issues presented for review, without citation of authorities, and to "include a concise statement of the applicable standard of review for each issue, with citation to authority, either in the discussion of the issue in the argument or under a separate heading placed before the discussion in the argument." Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). Here, plaintiff listed one issue in the opening brief: "Whether the trial court's denial of Plaintiff's Motion for Summary Judgment and entry of Judgment in favor of the Defendants on Plaintiff's Complaint was error." However, the circuit court did not deny plaintiff's motion for summary judgment. The record reveals that the court found the motion for summary judgment moot. Rather, plaintiff appears to argue that the circuit court abused its discretion by granting judgment to defendants on the complaint for declaratory and equitable relief. Plaintiff, without citation to legal authority, merely asserts that "[t]he standard of review on orders pursuant to declaratory judgment is abuse of discretion." Plaintiff does not include the standard of review applicable to the court's denial of plaintiff's request for equitable relief. Because plaintiff failed to include a clear statement of the issue presented for review and failed to cite authority in the statement of the applicable standard of review, plaintiff's brief fails to fully comply with Rule 341(h)(3).

¶ 24    Additionally, plaintiff's brief fails to fully comply with Rule 341(h)(7), which requires an appellant to present reasoned argument, along with citation to legal authority and to cite specific

8

portions of the record in support of his claim of error. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts," and "[t]he appellant bears the burden of overcoming that presumption." *McCann*, 2015 IL App (1st) 141291, ¶ 15. The failure to present a well-reasoned argument supported by legal authority violates Rule 341(h)(7) and results in waiver of that argument. *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). This court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive legal arguments, and it is neither the function nor obligation of this court to act as an advocate or search the record for error. *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009).

¶ 25    Here, plaintiff failed to include citations to the record in the argument section of the brief, which includes facts not referenced in the statement of facts section of the brief.[1] Moreover, it is difficult to discern plaintiff's argument on appeal. Plaintiff begins the argument section of the brief with a citation to the statute governing declaratory judgments. Plaintiff next states that it "sought a declaration of rights for a six-foot strip of Defendants' lot 15 which had a house encroaching on it, which house Defendants had previously sold to a third party via a sale of lot 16." However, plaintiff does not include any argument demonstrating that the circuit court erred by denying its request for declaratory relief. Thus, we conclude that plaintiff forfeited any argument that the court erred by denying its request for declaratory judgment. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

---

[1]The statement of facts section includes citations to the record in the first section but not the second section, titled "Procedural History."

9

¶ 26    The argument section of plaintiff's brief appears to focus on the circuit court's denial of plaintiff's request for equitable relief. As noted, plaintiff did not include this issue in the statement of issues, and it did not include the applicable standard of review for this issue with citation to authority, as required by Rule 341(h)(3). Despite this, plaintiff appears to argue that the court abused its discretion by denying plaintiff's request for equitable relief. Plaintiff cites two cases that discuss and apply the "principles of equity," along with a case setting forth the "test to determine whether to apply equitable estoppel." In our view, however, plaintiff fails to adequately explain how these cases apply to the facts of the instant case. The appellate court is "not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. Thus, we conclude that the argument section of plaintiff's brief fails to fully comply with the requirements of Rule 341(h)(7).

¶ 27    We note that compliance with Rule 341 is mandatory, and that "this court may, in its discretion, strike a brief and dismiss an appeal based on the failure to comply with the applicable rules of appellate procedure." *McCann*, 2015 IL App (1st) 141291, ¶ 12. We decline to exercise our discretion to strike plaintiff's brief and dismiss the appeal; however, we caution plaintiff to comply with Rule 341 in future submissions to this court.

¶ 28    Turning to the merits, we conclude that the circuit court did not err by denying plaintiff's request for equitable relief. "[T]he decision to grant or deny equitable relief is within the sound discretion of the trial court and will not be reversed by this court absent an abuse of that discretion." *Lewsader v. Wal-Mart Stores, Inc.*, 296 Ill. App. 3d 169, 175 (1998). "A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court." *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005).

¶ 29     Here, the circuit court denied plaintiff's request for equitable relief based on the following findings: defendants lacked knowledge of the encroachment at the time they conveyed Lot 16 to Dannielle Nassar; Lot 16 went through two mortgage foreclosures and changed ownership several times after defendants conveyed Lot 16 to Dannielle Nassar; two different banks extended mortgages on Lot 16 without discovering the encroachment issue; and defendant attempted to discuss the encroachment issue with various people as the ownership of Lot 16 changed. Because we cannot say that no reasonable person would take the view adopted by the circuit court, we conclude that the circuit court did not abuse its discretion by denying plaintiff's request for equitable relief.

¶ 30                                    III. Conclusion

¶ 31     For the foregoing reasons, we affirm the order of the circuit court of Piatt County denying plaintiff's requests for declaratory and equitable relief.


¶ 32     Affirmed.

11