NOTICE
Decision filed 06/16/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220515-U

NO. 5-22-0515

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* ESTATE OF MARCELLA M. DIXON, a Disabled Adult | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| (Gail Jean Edwards, | ) ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 20-P-278 |
| Betty Jane Lee, | ) ) | Honorable Thomas B. Cannady, |
| Respondent-Appellee). | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1     *Held*: Petitioner's failure to comply with the requirements set forth in Illinois Supreme Court Rules 341 and 342 requires dismissal of the appeal.

¶ 2     The instant appeal arises from a dispute over the guardianship of the person and estate of Marcella M. Dixon, the elderly mother of petitioner, Gail Jean Edwards (Gail), and respondent, Betty Jane Lee (Betty).

¶ 3                                   I. Background

¶ 4     We limit our recitation to those facts relevant to our disposition of this appeal. On July 2, 2020, Betty filed a *pro se* petition for guardianship of Marcella and Marcella's estate. In response, Gail filed a counterpetition for adjudication of disability and appointment of temporary and plenary

1

guardianship of Marcella and her estate. Gail alleged that Marcella, who was 85 years old and lived in a nursing home in New Athens, Illinois, lacked sufficient understanding and capacity to make responsible decisions concerning the care of her person and estate. Gail requested the circuit court adjudge Marcella a disabled person, appoint Gail to serve as Marcella's temporary and plenary guardian, and appoint a guardian *ad litem.* Upon agreement by the parties, the court subsequently appointed a guardian *ad litem.*

¶ 5    On September 10, 2020, the circuit court adjudged Marcella a disabled person. The court also appointed Gail and Betty to serve as co-guardians of their mother's person and estate.

¶ 6    On October 27, 2021, Gail filed a *pro se* amended petition for guardianship of the person and estate of Marcella. Gail requested the circuit court adjudge Marcella a disabled person and appoint Gail to serve as Marcella's guardian. Shortly thereafter, on November 11, 2021, Betty, represented by counsel, filed a motion to dismiss. Betty argued that Gail's amended petition for guardianship was moot, provided the court previously adjudged Marcella a disabled person and appointed Gail and Betty to serve as co-guardians.

¶ 7    On February 14, 2022, Betty filed a petition to relocate Marcella from New Athens, Illinois, to a nursing home facility in Alhambra, Illinois, claiming Marcella's current facility provided substandard care. Also on February 14, 2022, Betty filed a petition to terminate Gail as co-guardian and requested the circuit court appoint Betty as Marcella's sole guardian.

¶ 8    On February 15, 2022, Gail filed a motion to voluntarily dismiss her October 27, 2021, *pro se* amended petition for guardianship. That same day, Gail filed a petition for removal and substitution of plenary guardian, requesting the court remove Betty as co-guardian, appoint Gail as sole guardian, and grant Gail specific authority to determine Marcella's residential placement.

¶ 9    On March 20, 2022, and April 25, 2022, the circuit court held hearings on Betty's petitions

2

to terminate Gail as co-guardian and relocate Marcella, and Gail's petition for removal and substitution of plenary guardian.[1] Shortly thereafter on May 2, 2022, the court granted Betty's petition to terminate Gail as co-guardian, denied Gail's petition for removal and substitution of plenary guardian, and appointed Betty as sole guardian of Marcella's person and estate. The court also granted Betty's petition to relocate Marcella, noting that Betty had sole discretion to move Marcella to a nursing home facility in Alhambra, Illinois, or maintain Marcella's current residence in New Athens, Illinois.

¶ 10    On May 24, 2022, Betty filed a motion to reconsider, requesting, *inter alia*, that the circuit court authorize her to relocate Marcella to any licensed care facility in Illinois.

¶ 11    On June 28, 2022, Gail, represented by counsel, filed a motion to vacate the circuit court's May 2, 2022, guardianship order for lack of subject matter jurisdiction. Gail claimed that Marcella had a valid healthcare power of attorney (HPOA). That said, Gail argued that the court lacked authority to grant any power or decision-making authority to a guardian, where there existed a valid delegation of authority to a designated agent. Gail attached Marcella's signed HPOA, dated January 1, 2014, which appointed Gail as Marcella's designated agent and Betty as a successor agent. Shortly thereafter on July 5, 2022, Gail filed a motion for emergency order of placement, requesting the court place Marcella in a residential care facility in Swansea, Illinois.

¶ 12    On July 11, 2022, the circuit court held a hearing on all outstanding motions. Following the hearing, the court entered a written order on July 22, 2022, reaffirming its previous finding that Marcella was a disabled adult in need of a guardian. The court also denied Gail's motion to vacate guardianship for lack of jurisdiction; ordered that the court's prior guardianship order superseded the January 1, 2014, HPOA; and reserved ruling on Gail's motion for emergency placement in the

---

[1]The record on appeal does not contain transcripts from either hearing.

3

event a hearing was necessary in the future. Gail filed a timely notice of appeal.

¶ 13    On November 30, 2022, this court issued a rule to show cause order following Gail's failure to timely file an opening brief. This court allowed Gail 14 days to show cause to avoid dismissal of the appeal for want of prosecution. Gail, represented by counsel, filed a response requesting additional time, which this court granted. Gail filed her opening brief on December 14, 2022. Betty, however, failed to file a timely response brief, prompting this court to send correspondence to her on February 17, 2023. Betty ultimately did not file a responsive brief. On April 20 and April 21, 2023, Gail filed motions for default judgment. In response, Betty requested this court entered judgment on the pleadings. We now deny Gail's motions for default judgment.

¶ 14                                    II. Analysis

¶ 15    On appeal, Gail, represented by counsel, does not challenge the circuit court's May 2, 2022, guardianship order. Rather, it appears that Gail challenges the court's July 22, 2022, order. We must note that it is difficult for this court to discern the exact issue or issues that Gail presents on appeal because Gail does not provide this court with concise, clear, and consistent issue statements. It appears, however, that Gail contends that the issues on appeal center on whether a court may refuse to enforce a previously executed HPOA and whether a prior, valid HPOA supersedes a court's guardianship order. For the following reasons, we dismiss Gail's appeal.

¶ 16    As a threshold matter, we observe that Gail's opening brief does not comply with several mandatory supreme court rules governing appellate review. The purpose of the appellate rules of procedure is to require the parties before the reviewing court to present clear and orderly arguments so the court can properly ascertain and dispose of the issues presented. *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7. The procedural rules governing the content and format of appellate briefs are not suggestions, they are mandatory. *Rosestone Investments, LLC v.*

4

*Garner*, 2013 IL App (1st) 123422, ¶ 18. This court has the discretion to strike an appellant's brief and dismiss an appeal for failure to comply with the applicable rules of appellate procedure. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. With these principles in mind, we turn now to the deficiencies in Gail's opening brief.

¶ 17    Illinois Supreme Court Rule 341(h)(3) (Nov. 1, 2017) provides that the appellant's opening brief must set forth a statement of the issue or issues presented for review and a concise statement of the applicable standard of review for each issue. Gail's opening brief fails to set forth a statement of the issues in a clear and concise manner to assist this court in understanding her arguments. Gail's brief also fails to provide this court with an applicable standard of review for each issue. Gail contends that the circuit court's "[o]rders *** effectively invalidated the [HPOA] document without any Order." However, Gail cites *de novo* review as it relates to standing and the execution of the HPOA, where Marcella appointed Gail as her agent. It is unclear for this court how standing relates to the issues presented on appeal.

¶ 18    Additionally, Illinois Supreme Court Rule 341(h)(6) (Nov. 1, 2017) provides that all briefs should provide the reviewing court with "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the page of the record on appeal." Gail's brief contains a statement of facts that is hard to follow and fails to provide this court with an adequate understanding of the case. In particular, Gail's brief does not clearly specify which order she appeals from and also fails to provide appropriate references to the pages of the record on appeal.

¶ 19    Moreover, Illinois Supreme Court Rule 341(h)(7) (Nov. 1, 2017) provides that the appellant's opening brief must set forth an argument "which shall contain the contentions of the appellant and reasons therefor." The failure to elaborate on an argument, cite persuasive authority,

or present a well-reasoned argument violates Rule 341(h)(7) and results in waiver of that argument. See *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). Gail's argument section fails to provide a well-reasoned legal argument in support of the issues raised on appeal. Aside from referencing sections 11a-17(c) and 11a-18(e) of the Probate Act of 1975 (755 ILCS 5/11a-17(c), 11a-18(e) (West 2020)) with incomplete citations,[2] Gail fails to cite any legal authority in support of her arguments. Instead, Gail's argument section poses questions for this court to "clarify," while noting that "counsel could find no caselaw specifically addressing the points raised in this appeal." Gail's brief also fails to cite the pages of the record relied on in the argument section. This court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive legal arguments, and it is neither the function nor obligation of this court to act as an advocate or search the record for error. *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009).

¶ 20    Furthermore, Gail's brief violates several more mandatory supreme court rules governing appellate review. In particular, Gail's brief fails to: (1) provide a table of contents, which contains the headings of the points and subpoints in the argument section, with citation under each heading of the authorities relied upon or distinguished (Ill. S. Ct. R. 341(h)(1) (Nov. 1, 2017)); (2) include an introductory paragraph stating the nature of the action and the judgment appealed from (Ill. S. Ct. R. 341(h)(2)(i) (Nov. 1, 2017), and whether any question is raised on the pleadings (Ill. S. Ct. R. 341(h)(2)(ii) (Nov. 1, 2017)); (3) include a statement of jurisdiction (Ill. S. Ct. R. 341(h)(4) (Nov. 1, 2017)); (4) provide a short conclusion stating the precise relief sought (Ill. S. Ct. R. 341(h)(8) (Nov. 1, 2017)); and (5) include an adequate appendix that contains the notice of appeal, as required by Rule 342 (Ill. S. Ct. R. 341(h)(9) (Nov. 1, 2017); R. 342 (eff. Sept. 26, 2019)).

---

[2]Gail's brief cites the section numbers but fails to properly cite to the Probate Act of 1975.

¶ 21    The dismissal of an appeal is such a severe sanction that we hesitate to impose it. Gail's brief, however, contains multiple violations of our appellate procedural rules, which we find precludes our ability to review the issues she raises on appeal. In view of these inadequacies, we exercise our discretion and dismiss Gail's appeal.

¶ 22                              III. Conclusion

¶ 23    For these reasons, we dismiss the appeal.


¶ 24    Appeal dismissed.