2023 IL App (1st) 230537-U

SECOND DIVISION
November 21, 2023

No. 1-23-0537

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| IN RE ESTATE OF: E.S., a minor, | ) | |
| | ) | Appeal from the |
| (KIA WALKER, | ) | Circuit Court of |
| | ) | Cook County |
| Petitioner-Appellant, | ) | |
| | ) | 21 P 7664 |
| v. | ) | |
| | ) | Honorable |
| LISA HELLMAN, | ) | Stephanie Miller, |
| | ) | Judge Presiding |
| Petitioner-Appellee.) | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1   *Held*: Affirmed. Appellant's *pro se* brief violates Illinois Supreme Court Rule 341 and fails to present any basis to reverse circuit court's denial of guardianship petition.

¶ 2   This case involves the guardianship of a minor child, E.S. Petitioner Kia Walker, the minor's paternal grandmother, was one of several people who sought to be appointed the child's guardian. Ultimately, the court appointed another family member, Lisa Hellmann, the mother's cousin, as guardian. Walker then filed this appeal to challenge several orders within the guardianship proceedings: the choice of guardian, visitation schedule orders, and an order requiring continued therapy for the minor.

¶ 3     After Walker appealed, Hellmann filed motions in the circuit court to address issues regarding the latter two subjects—visitation and therapy. The circuit court refused to hear Hellmann's motions because Walker had already filed her notice of appeal in this case. Prior to any briefing in this court, Hellmann filed an emergency motion to "clarify" our jurisdiction over these ongoing issues.

¶ 4     In ruling on Hellmann's motion, we issued a relatively lengthy order explaining that we had jurisdiction over the court's appointment of guardian, but only over that ruling. We lacked jurisdiction over the two other rulings because they constituted non-final judgments, and no supreme court rule allowed Walker the right to appeal those orders. That allowed the circuit court to continue hearing motions regarding visitation and therapy for the child while this appeal pended.

¶ 5     After several procedural delays, Walker filed her *pro se* brief. Hellmann, instead of responding, filed a motion to dismiss the appeal due to Walker's numerous violations of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), including a lack of any relevant argument. We did not dismiss the appeal but saw no need for further briefing and took the case on Walker's brief only.

¶ 6     We agree with Hellmann that Walker's brief fails to comply with our supreme court rules. While we have attempted to review this case, Walker's failure to present any argument on the sole issue before the court leaves us with no choice but to affirm the circuit court's order denying her guardianship petition.

¶ 7     Supreme Court Rule 341 governs briefs filed in this court. Among other requirements, a party is obligated to present a coherent statement of facts and argument. See Ill. S. Ct. R. 341(h)(6), (h)(7) (eff. Oct. 1, 2020). While we appreciate that Walker is *pro se*, she is not

excused from compliance with Rule 341; *pro se* litigants are held to the same standard as attorneys. *U.S. Bank Trust National Association v, Junior*, 2016 IL App (1st) 152109, ¶ 16. Rule 341's requirements are not suggestions. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2nd) 111151, ¶ 7. This court is entitled to have the issues clearly defined, with argument and citation to relevant authority. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 14. Incoherent and conclusory arguments, without citation to authority, do not warrant consideration on appeal. *Hall*, 2012 IL App (2nd) 111151, ¶ 12.

¶ 8    Here, Walker's brief begins by including more than 50 pages of exhibits, almost none of which are included in the record on appeal. These exhibits alone exceed the maximum numbers of pages allowed in an entire brief. Ill. S. Ct. R. 341 (b)(1) (eff. Oct. 1, 2020) (briefs shall not exceed 50 pages). On page 56, she the begins to list a series of facts she believes the evidence showed before discussing the procedural history of the case. It is not until page 91 of her brief that she begins her argument—itself only 2½ pages long. The argument is entitled "Grandmother has a permissive right to intervene in the case pursuant to the Illinois Probate Act of 1975." The argument is devoted to that topic and only that topic.

¶ 9    Walker was part of the case below and petitioned for guardianship. There was no issue of intervention to appeal. The sole issue remaining in this case is whether the circuit court correctly determined that Hellmann, not Walker, should be E.S.'s guardian. But the brief contains no argument directed at that issue.

¶ 10    These are difficult and emotional cases. We are sympathetic to Walker and appreciate that she loves and cares for E.S. But that does not give her an automatic right to be the minor's guardian. Courts have broad discretion to determine whether to appoint a guardian and who that guardian shall be. *In re Estate of Green*, 359 Ill. App. 3d 730, 735 (2005). Walker has simply

made no argument about the limited legal issue presented by this appeal. We have no basis in the record to second-guess the court's appointment of Hellmann as guardian. We thus affirm the circuit court's judgment.

¶ 11    Affirmed.